UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID L. HICKS, ET AL                        CIVIL ACTION NO. 13-cv-3000

VERSUS                                       JUDGE HICKS

STATE OF LOUISIANA, ET AL                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

David L. Hicks and Mary F. Scaglione, both self-represented, filed this complaint against several defendants. Mr. Hicks, who has a history of disagreements with law enforcement that often involve his animals, alleges that he summoned Shreveport police for help after a Caddo Parish Animal Control officer prevented him from burying his beloved cat, Tigger.  Hicks alleges that when the officers arrived they handcuffed him, threw him down on his porch, and beat him in the head and face.  Ms. Scaglione is alleged to be a bedridden stroke patient who was left alone while Hicks was in jail.  For the reasons that follow, it is recommended that the claims against the State of Louisiana, Shreveport Police Department, and Synergy of Shreveport Division be dismissed.

### State of Louisiana

The State of Louisiana is named as a defendant.  The only references to it in the complaint, as amended, are the allegations that the State of Louisiana lodged but later dropped a felony charge against Hicks.  Hicks labels the charge frivolous and an irresponsible prosecution.

The claim may not be brought in this court. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K. P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statutes, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997). The claims against the State of Louisiana must, therefore, be dismissed.

**Shreveport Police Department**

Plaintiff has sued two individual police officers and the Shreveport Police Department. The Department is not a legal entity capable of being sued in federal court, so all claims against it should be dismissed. See Evans v. City of Homer, 2007 WL 2710792 (W.D. La. 2007); Martin v. Davis, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."). Mr. Hicks should be aware of this rule of law. It was explained in Hicks v. Page, 2010 WL 2243584, *2 (W.D. La. 2010).

**Ms. Scaglione and Synergy**

Plaintiffs allege that Mr. Hicks told the officers that Ms. Scaglione would have no caregiver if he was taken to jail, but the officers told no one, and Ms. Scaglione was left alone for three days with no medical assistance.

The original and amended complaints mention Synergy of Shreveport Division in only a single paragraph. Plaintiffs allege that Synergy is responsible for failing to check on Ms.

Scaglione after Hicks was arrested. The complaint does not allege Synergy's relationship, if any, to Scaglione or set forth facts that would support a duty by it to check on her during the three days Hicks was in jail. In any event, Plaintiffs' complaint invokes only constitutional claims that are actionable under 42 U.S.C. § 1983. A person who asserts a claim under Section 1983 must show that the alleged deprivation was committed by a person acting under color of state law. Hicks v. Page, supra, citing West v. Atkins, 108 S.Ct. 2250 (1988). It appears that Synergy is a private company, so Section 1983 may not be used to assert a claim against it.

Ms. Scaglione does not invoke diversity jurisdiction against Synergy or present facts in the complaint that would permit its exercise. To the extent supplemental jurisdiction is invoked, it is recommended the court exercise its discretion to decline the exercise of supplemental jurisdiction over the claims by Ms. Scaglione against Synergy. The potential negligence or contract claim is not based on the same facts or law that would be relevant at a trial regarding the alleged wrongful seizure, illegal arrest, and excessive force claims asserted by Mr. Hicks. All of Ms. Scaglione's claims should be dismissed without prejudice to her right to assert them in a state court of proper jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that:

(1) All claims against the State of Louisiana be dismissed without prejudice for lack of subject-matter jurisdiction due to the Eleventh Amendment;

(2)  All claims against the Shreveport Police Department be dismissed with prejudice on the grounds it is not a legal entity capable of being sued; and

(3)  Ms. Scaglione's claim against Synergy of Shreveport Division should be dismissed without prejudice.  Mr. Hicks does not set forth a claim against Synergy, and Ms. Scaglione has no other claim, so both Ms. Scaglione and Synergy should be terminated as parties in this case.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of February, 2014.

 Mark L. Hornsby
 U.S. Magistrate Judge