UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID L. HICKS, ET AL. | CIVIL ACTION NO. 13-CV-3000 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a Motion to Dismiss (Record Document 16) filed by Defendants, Philip Tucker ("Tucker") and Dirk Morris ("Morris") (hereinafter collectively referred to as "Defendants"). Defendants request that the Court dismiss all claims brought by Plaintiffs, David L. Hicks ("Hicks") and Mary F. Scaglione ("Scaglione") (hereinafter collectively referred to as "Plaintiffs"), pursuant to FRCP Rule 12(b)(5). For the reasons that follow, Defendants unopposed Motion to Dismiss (Record Document 16) is **GRANTED**.

### BACKGROUND

On November 5, 2013 Plaintiffs filed a *pro se* complaint for damages against several defendants for violating their Fourth Amendment Rights (Record Document 2). Hicks alleges that he called Shreveport Police for help after Caddo Animal Control prevented him from burying his cat. Hicks claims the police officers handcuffed him, threw him down onto his porch, and beat him in the head and face. Hicks was subsequently arrested and spent several days in jail. Scaglione, an alleged bedridden stroke patient, was left home alone, with no one to care for her for three days while Hicks was in jail. The charges against Hicks were later dropped.

Defendants filed a 12(b)(5) Motion to Dismiss on March 26, 2014 (Recorded Document 16). Plaintiffs were given notice of this motion and allowed fourteen (14)

calendar days to respond. Any opposition was due on April 9, 2014. To date, this motion is unopposed.

## LAW AND ANALYSIS

### I. Legal Standard

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." <u>Holly v. Metro. Transit Auth.</u>, 213 Fed. Appx. 343, 344 (5th Cir. 2007)(unpublished). "It is true that service of process by *pro se*, IFP litigants is governed by '[s]pecial,' or more lenient rules. Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed." <u>Id</u>. at 344-345.

Federal Rule of Civil Procedure 4 provides the requirements for service of a lawsuit upon the defendant(s). The pertinent rule includes the following subsections:

> (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service. (2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint. (3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1916.

Fed.R.Civ.P. 4(c).

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2)  doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

**II. Analysis**

Proof of Service forms were filed with the Court on February 5, 2014 stating that service was performed for the purposes of these two Defendants (Record Document 4-

2 and 4-5). The Proof of Service forms, signed by Mr. Cecil W. Seymour ("Seymour") as server, improperly state that he served both Defendants in person, at their residences, and through their designated agents. Specifically the forms state that Defendants were: 1) served in person at The City of Shreveport Government Plaza; 2) Seymour served both Defendants at their respective residences, through Shreveport City Attorney Terry Scott ("Scott") and the Legal Administrator in the Office of the City Attorney Tammie Roberison ("Roberison"), people of suitable age and discretion who reside there; and 3) Seymour served via the Defendants respective agents, Scott and Roberison.

The Defendants submitted affidavits from Tucker, Morris, and Roberison. Tucker and Morris both state that they have never been served personally by Seymour, no one who lives at either of their residences was ever served, and neither Defendant ever authorized Roberison or Scott to act as agents on their behalf. See Record Document 16-2. In her affidavit Tammie Roberison says that Seymour initially appeared at the city attorney's office, but was told that in order to serve the Defendants he needed to go to the Shreveport Police Department. Seymour later returned with Hicks and told Roberison that Shreveport Police Internal Affairs said to deliver the summons to the City Attorney. Seymour then left the summons at the front desk of the city attorneys office and left. (Record Document 16-2).

After a review of the facts, service forms, and affidavits, the Court finds: 1) Defendants Tucker and Morris were not personally served; 2) no summons was left at either individual's residence or usual place of abode with a person of suitable age and discretion who resides there; and 3) as to Scott and Roberison, neither were designated by law to accept service on behalf of Tucker or Morris. Therefore, Defendants' Motion to

Dismiss is **GRANTED**. Accordingly, Plaintiffs claims against Morris and Tucker are **DISMISSED**.

                                            */s/ A. Maurice Hicks*
                                            S. MAURICE HICKS, JR.
                                            UNITED STATES DISTRICT JUDGE