RECEIVED
AUG 2 7 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DAVID L. HICKS, ET AL. | CIVIL ACTION NO. 13-3000 |
| versus | JUDGE TOM STAGG |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendant, the City of Shreveport ("the City"), moving to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). See Record Document 21. For the reasons set forth below, the City's motion is **GRANTED**.

## I. BACKGROUND

David L. Hicks ("Hicks" or "the plaintiff") and Mary F. Scaglione ("Scaglione") filed the instant pro se complaint on November 4, 2013, asserting claims against various defendants. Hicks alleges that he called the Shreveport Police Department for assistance after Caddo Animal Control prevented him from burying his cat. He further claims the responding officers handcuffed him and beat him, and that he was arrested and spent several days in jail, during which time no one was present to care for Scaglione, who is bedridden. See Record Documents 1 and 2.

Prior orders by this court granted motions to dismiss, resulting in the dismissal of Scaglione as a plaintiff and all defendants except for the City. See Record Documents 7, 13, 18, and 19. Consequently, the only remaining claims are those by Hicks against the City.

A summons was returned executed against the City on February 5, 2014. See Record Document 4. The proof of service form, signed by Cecil W. Seymour ("Seymour") as server, is dated February 4, 2014, yet Seymour claims that service was made on the City on February 5, 2014. See id. Additionally, the form states that the City was personally served at the City of Shreveport Government Plaza, that Seymour served the City at its residence or usual place of abode, through City Attorney Terry Scott ("Scott"), and that Seymour served the summons on Scott as the City's agent for service. See id.

The City filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The City contends that Hicks did not comply with the service requirements set out in Federal Rule of Civil Procedure 4 for serving a local government, and failed to properly serve the City within 120 days after the complaint was filed. See Record Document 21. The plaintiff was given notice of this motion and allowed fourteen calendar days to respond. See Record Document 22. Any opposition was due on July 31, 2014. To

date, no opposition has been filed.

## II. LAW AND ANALYSIS

**A.  Rule 12(b)(5) And Rule 4 Standards.**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." Holly v. Metro. Transit Auth., 213 F. App'x 343, 344 (5th Cir. 2007). While service of process by pro se litigants is subject to more lenient rules, the complaint may nonetheless be dismissed when the failure to effect service is due to the plaintiff's fault or failure to act. See id. at 344-45.

Rule 4 sets out the requirements of service of a complaint. Specifically, the following subsections of Rule 4 are pertinent to the instant motion:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c)(1).

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

**B.    Analysis.**

The proof of service form filed with the court on February 5, 2014, states that service was made on the City. Specifically, the form states that the City was personally served at the City of Shreveport Government Plaza, that Seymour served the City at its residence or usual place of abode, through Scott, and that Seymour served the summons on Scott as the City's agent for service. The court notes that there is no evidence that the plaintiff attempted to serve the City by delivering a copy of the summons and complaint to its chief executive officer, the Mayor. Therefore, to have properly effected service, the plaintiff must have served a copy of the summons and complaint in a manner allowed by Louisiana law. See Fed. R. Civ. P. 4(j). The Louisiana Code of Civil Procedure provides that service can be made upon a political subdivision, such as the City, "at its office by personal service upon . . . any employee thereof of suitable age and discretion." La. Code Civ. P. art. 1265.

The City has submitted two affidavits in support of its motion–one from Scott,

and one from Tammie Roberison ("Roberison"), the legal administrator for the City Attorney's office. See Record Document 21, Exs. 1 and 2. Roberison avers that Seymour came to the City Attorney's office on February 5, 2014, with summons and complaints for two police officers. Roberison informed Seymour that he needed to go to the Shreveport Police Department ("SPD") to serve the officers. Seymour left and returned later, placing documents on Roberison's desk. See id., Ex. 1 at ¶¶ 2-3. Additionally, Roberison states that Seymour did not present a summons addressed to the City and that Seymour did not interact with Scott. See id., Ex. 1 at ¶¶ 4-5. Roberison also claims that she did not see a copy of the summons for the City of Shreveport until July 14, 2014, and that there is no copy of the document in the City Attorney's office. See id., Ex. 1 at ¶ 5. Scott avers that the summons and complaints that Seymour placed on Roberison's desk were addressed to SPD officers, not to the City, that she had no interaction with Seymour, and that she had not seen a copy of the summons that was purportedly served on her before July 15, 2014. See id., Ex. 2 at ¶¶ 2-3.

The court finds that the City was not properly served. First, despite the statements on the proof of service form, the City cannot be personally served and does not have a usual place of abode because it is not a natural person. As discussed previously, the only proper way to serve the City was to personally serve an employee

5

of the City at the City's office. Apparently, Hicks attempted to effect service by serving Scott, who is an employee of the City. However, the facts herein support a finding that Scott was not personally served with a copy of the summons against the City. Rather, Seymour delivered a copy of the summons against two other defendants. Even assuming that placing documents on the desk of the legal administrator for the City Attorney's office would be satisfactory personal service on the City under article 1256, Seymour did not serve the City with the correct summons. Thus, Hicks did not comply with either of the two options for serving the City provided under Rule 4(j) within the 120-day period provided by Rule 4(m). Therefore, the court finds that the City is entitled to dismissal of Hicks' claims against it because it was not properly served.

### III. CONCLUSION

For the reasons stated above, the City's motion to dismiss is **GRANTED** and Hicks' claims against it are **DISMISSED WITHOUT PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 26th day of August, 2014.

_____
JUDGE TOM STAGG